**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **J.N.**

**No. 25-584** (Nicholas County CC-34-2024-JA-68)

## MEMORANDUM DECISION

Petitioner Father B.N.[1] appeals the Circuit Court of Nicholas County's August 7, 2025, order terminating his parental and custodial rights to J.N.,[2] arguing that the circuit court abused its discretion by denying him post-termination visitation with the child. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In June 2024, the DHS filed an abuse and neglect petition alleging that the petitioner abused controlled substances and failed to provide the child with safe and suitable housing. The petitioner admitted to the allegations against him, and the circuit court adjudicated him as an abusing and neglecting parent on that basis. Shortly thereafter, the circuit court granted the petitioner a post-adjudicatory improvement period.

In August 2025, the circuit court held a dispositional hearing. The petitioner was not present at the start of the hearing, but he was represented by counsel. A Child Protective Services ("CPS") worker testified that the petitioner stopped participating in services, communicating with the DHS, and visiting the child in April 2025. On cross-examination, the CPS worker conceded that before the petitioner stopped participating in visits, he and the child shared a bond. However, she explained that since the visits stopped, the child had not asked about the petitioner. For that reason, the CPS worker opined that the child no longer had a bond with the petitioner. The CPS worker further testified that post-termination visitation with the petitioner was not in the child's best interest because the petitioner failed to comply with services and court orders, refused to admit that he had substance use disorder despite his stipulation at adjudication, resisted services, and failed to take responsibility for his actions throughout the case. Following the CPS worker's testimony, the petitioner appeared at the hearing and agreed to voluntarily relinquish his parental and custodial rights to the child. The circuit court accepted the petitioner's relinquishment and

---

[1] The petitioner appears by counsel Anthony W. Selbe. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Andrew T. Waight. Counsel Denise N. Pettijohn appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

terminated his rights.[3] Additionally, the circuit court ordered no post-termination contact, finding that there was no bond between the child and the petitioner and that such contact was not in the child's best interest because he "ha[d] an untreated substance problem, he denie[d] this problem, and he failed to participate in services." The petitioner appeals from the dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's substantive rulings for abuse of discretion, factual findings are reviewed for clear error, and issues of law are reviewed de novo. Syl. Pt. 1, *In re K.S.*, -- W. Va. --, 930 S.E.2d 400 (2026). Before this Court, the petitioner argues that the circuit court abused its discretion by denying him post-termination visitation with the child because it failed to find that continued contact would be detrimental to the child. *See* Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995) (permitting a court to grant post-termination visitation when "such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest"). Pursuant to Rule 15(b)(2)(A) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings,

> The [circuit] court may grant post-termination visitation only if it finds that such visitation is in the child's best interests, taking into consideration:
> i. The guardian ad litem's oral or written recommendation on whether post-termination visitation is in the child's best interests,
> ii. If the child is of sufficient age or maturity, whether the child wishes to have visitation; and
> iii. Any other relevant evidence, including, but not limited to, the nature of the abuse and/or neglect that prompted termination of rights and the existence of a bond.

Here, the record supports the court's finding that continued contact would be detrimental to the child's well-being, given the petitioner's decision to stop participating in visits and services and his refusal to acknowledge or treat his substance use disorder. This evidence supports the court's determination that post-termination visitation would not be in the child's best interest. Accordingly, we find no error in the court's denial of post-termination visitation.

For the foregoing reasons, we affirm the circuit court's August 7, 2025, order.

Affirmed.

**ISSUED:** July 28, 2026

---

[3] The permanency plan for the child is reunification with his mother.

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan